UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN L. CORRIGAN,

          Plaintiff,

    v.

VISA, U.S.A., *et al.*,

          Defendants.

CASE NO.  C05-1622RSM

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS

## I.  INTRODUCTION

This matter comes before the Court on defendants Walgreen Co., Destination Harley-Davidson, RadioShack, Peekay, Inc., Boeing Employees Credit Union, and Visa, USA's Motions to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkts. #11, #13, #14 and #18).

In his Complaint, plaintiff, appearing *pro se*, alleges that defendants violated his federal rights under the Truth in Lending Act and the Federal Trade Commission Act, because the merchant-defendants requested valid identification before processing his credit card transactions. Plaintiff further asserts a common law breach of contract claim, and states that his claims also arise under the laws of Washington State.

ORDER OF DISMISSAL
PAGE - 1

Defendants argue that dismissal is appropriate because plaintiff has failed to relate any of his factual allegations to a particular claim alleged, and none of the three alleged claims are legally cognizable.

Plaintiff has opposed the motions.  Essentially he responds that his claims are based on his contract with Visa, and Visa's contract with the merchants.  Plaintiff believes that because Visa has issued guidelines/rules for its merchants, stating that merchants generally may not ask for ID as part of their regular card acceptance procedures, defendants could not lawfully require him to show identification prior to processing his credit sales transactions.

Having reviewed defendants' motions to dismiss, plaintiff's opposition, defendants' replies, the declarations in support of those briefs, and the remainder of the record, the Court hereby DISMISSES plaintiff's Complaint in its entirety.

## II.  DISCUSSION

### A.      Background

The instant action arises from a number of sales transactions during which merchant-defendants apparently asked plaintiff to show identification prior to processing his credit card transaction.  Plaintiff alleges that in September and October of 2004 and March and August of 2005, three Washington State merchants and one Nevada State merchant[1] asked him to show identification prior to completing his credit sales transactions.

Plaintiff alleges that, as a result, he "was falsely led into various transactions where he felt, [sic] trapped and embarrassed, and where he suffered and still suffers psychic injury."  (Dkt. #1 at 3).  He requests an award of compensatory and punitive damages to be determined by the Court, as well as attorney fees and costs.

### B.      Standards of Review

Defendants have moved for dismissal under Rules 12(b)(6) of the Federal Rules of Civil

---

[1] Plaintiff has not named the Nevada merchant as a defendant in this action.

ORDER OF DISMISSAL
PAGE - 2

Procedure.  Under Rule 12(b)(6), the Court must dismiss a claim if plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff.  *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Associated Gen. Contractors*, 159 F.3d at 1181.

### C.  Defendants Walgreen Co., Destination Harley Davidson, LLC, Radioshack and Peekay, Inc.

Plaintiff, without specifying which claims apply to which defendants, asserts that his action "arises under the laws of the United States, particularly the FTC Act relating to advertising, the Truth-In-Lending Act (TILA) and the laws of contract.  This action also arises out of the laws of Washington State."  (Dkt. #1 at 2).  Accordingly, merchant-defendants Walgreen, Harley-Davidson, Radioshack, and Peekay, along with this Court, assume that he asserts all claims against all defendants.  As explained below, those allegations are misguided.

#### 1.  Plaintiff's Failure to State a Claim Under the Truth In Lending Act (TILA)

Merchant-defendants note that TILA imposes civil liability on creditors who fail to comply with its disclosure requirements relating to, *inter alia*, finance charges and interest rates. *See* 15 U.S.C. § 1601, *et seq*.  Plaintiff has not alleged that merchant-defendants are creditors as defined under the Act, nor has he provided any facts from which the Court could draw such a conclusion.  Moreover, nothing in TILA prohibits a merchant from requesting identification prior to completing a credit card transaction.  Indeed, a subsection of TILA, discussing limits of liability for an unauthorized credit transaction, appears to encourage identity verification to prevent the unauthorized use of credit cards.  *See* 15 U.S.C. § 1643.  In addition, plaintiff has

ORDER OF DISMISSAL
PAGE - 3

failed to provide any authority contrary to defendants' arguments.  Instead, plaintiff simply

argues that TILA applies to his action because Visa, the issuer of his credit card, was involved in

a "bait and switch."  Apparently plaintiff believes that Visa lured him with promises that

merchants would accept his card without identification, and then required "all kinds of

identification for the transaction to take place" after he began using his card.  (Dkt. #20 at 3).

That allegation does not implicate the merchant-defendants in any way.  Accordingly, the Court

agrees that plaintiff has failed to state a proper cause of action against merchant-defendants

under TILA.

> *2.  Plaintiff's Failure to State a Claim Under the Federal Trade Commission Act*

Merchant-defendants correctly argue that the Federal Trade Commission Act ("FTCA")

does not provide a private cause of action for plaintiff to assert.  *See* 15 U.S.C. § 41, *et seq.*

Instead, the FTCA authorizes only the Federal Trade Commission to commence a civil action to

recover damages for violations of the Act.  15 U.S.C. § 45(m).  Plaintiff does not dispute this

fact.  While plaintiff admits that his claims under the FTCA are better classified as claims for

fraud, he does not present any authority that would allow him to assert fraud claims under the

FTCA either.  Accordingly, the Court agrees that plaintiff has failed to state a proper cause of

action against merchant-defendants under the FTCA.

> *3.  Plaintiff's Failure to State a Breach of Contract Claim*

To establish a breach of contract violation, plaintiff must allege facts demonstrating that

a valid and enforceable contract actually exists.  Plaintiff has alleged no such facts with respect

to any of the merchant-defendants.  Rather, plaintiff argues in his response that his claims are

based on the contract between himself and Visa, and in turn, a contract between Visa and

merchant-defendants.  The Court notes that plaintiff has no standing to challenge any contracts

that may exist between Visa and merchant-defendants.

In so far as plaintiff relies on Washington State law to support a breach of contract

ORDER OF DISMISSAL
PAGE - 4

claim, the Court finds that Washington law explicitly allows merchants to ask for identification, and voids any provision in a contract between a merchant and an issuer of a credit card that prohibits checking identification. *See* RCW 19.192.020.  Plaintiff argues that this state statutory provision "is fraught with too many problems to be accepted as fact," and appears to be unconstitutional because it interferes with interstate commerce and is vague.  While plaintiff may disagree with the statute, nothing about the language is vague, and plaintiff has presented no legal authority or argument regarding constitutionality under the Commerce Clause of the U.S. Constitution.  Accordingly, the Court agrees that plaintiff has failed to state a proper breach of contract claim against merchant-defendants.

### D.    Defendants Boeing Employees Credit Union (BECU) and Visa, USA

As noted above, plaintiff, without specifying which claims apply to which defendants, asserts that his action "arises under the laws of the United States, particularly the FTC Act relating to advertising, the Truth-In-Lending Act (TILA) and the laws of contract.  This action also arises out of the laws of Washington State."  (Dkt. #1 at 2).  Accordingly, defendants Boeing Employees Credit Union ("BECU") and Visa, USA, along with this Court, assume that he asserts all claims against all defendants.  In addition, plaintiff has only submitted one response, entitled "Plaintiff's Response to Motion to Dismiss."  Therefore, the Court construes it as a response to all of defendants' motions to dismiss.

As a threshold matter, the Court notes that plaintiff has completely failed to allege any facts in his Complaint that connect BECU to the actions of which plaintiff has complained.  Nor has he raised any facts or argument in his response that so connect BECU.  Accordingly, the Court will dismiss all claims against BECU for plaintiff's failure to state any legally cognizable claim.

In addition, despite the fact that plaintiff believes merchant-defendants have violated a contract that exists between Visa and the merchants, thereby violating the contract between Visa

ORDER OF DISMISSAL
PAGE - 5

and himself, the Court again notes that plaintiff does not have standing to challenge any alleged contract between Visa and the merchants.  Furthermore, plaintiff has completely failed to allege any facts in his Complaint that connect Visa to the actions of which plaintiff has complained. Accordingly, the Court will dismiss all claims against Visa for plaintiff's failure to state any legally cognizable claim.

### III.  CONCLUSIONS

Having reviewed defendants' motions to dismiss (Dkts. #11, #13, #14 and #18), plaintiff's opposition (Dkt. #20), defendants' replies (Dkts. #21, #22 and #23), and the remainder of the record, the Court hereby ORDERS:

Defendants' motions to dismiss (Dkts. #11, #13, #14 and #18) are GRANTED based on plaintiff's failure to state any cause of action upon which relief could be granted.  Accordingly, this action is hereby DISMISSED, and the case is CLOSED.

The Clerk shall forward a copy of this Order to plaintiff and all counsel of record.

DATED this _9__ day of January, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL
PAGE - 6